This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38833

**CASSIDY BLACK, DONALD BLACK.
and ANNETTE BLACK,**

Plaintiffs-Appellants,

v.

**BRIGHT STAR DENTAL P.C.
and BRIAN GILBERT, DDS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Manuel I. Arrieta, District Judge**

Wray Law PC
Katherine Wray
Albuquerque, NM

Jerome O'Connell
Las Cruces, NM

Lori M. Bencoe
Cherie L. LaCour
Albuquerque, NM

for Appellants

Hinkle Shanor LLP
Kathleen M. Wilson
Hari-Amrit Khalsa
Benjamin F. Feuchter
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiffs appeal an order compelling arbitration. Concluding that the district court improperly relied upon the arbitration agreement's delegation clause to refer the question of unconscionability to the arbitrator and that the arbitration provision was so facially one-sided as to be unconscionable, this Court's notice of proposed summary disposition proposed to reverse the order of the district court. [CN 6] Defendants have filed a memorandum in opposition to that proposed summary disposition arguing that Plaintiffs failed to preserve the issue of substantive unconscionability. Having duly considered that memorandum, we remain unpersuaded and reverse.

**{2}** We note at the outset that Defendants' memorandum does not address this Court's proposal to conclude that the district court erred in referring to arbitration the question of the arbitration provision's validity on the basis of a delegation clause that addressed only "the scope of the arbitration provision and whether the arbitration agreement covers a particular controversy[,] but made no mention of the validity of the arbitration provision." [CN 2-3] We therefore consider that issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (recognizing that failure to respond to the proposed disposition of an issue is an abandonment of that issue); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (noting that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{3}** Defendants' memorandum also does not directly address the substance of our proposal that the arbitration provision at issue in this case is substantively unconscionable on the basis that it "is facially one-sided because it requires the non-drafting party, but not the drafting party, to arbitrate all of his or her claims 'against the doctor.' " [CN 6 (quoting the arbitration provision of DS 3)] *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 25, 146 N.M. 256, 208 P.3d 901 (noting that "provisions that unreasonably benefit one party over another are substantively unconscionable"). Instead, the sole argument asserted in that memorandum is that Plaintiffs' argument before the district court did not raise the issue of substantive unconscionability based upon an unreasonable benefit to the drafting party. [MIO 1] Accordingly, Defendants assert that issue is not preserved for our review and that Plaintiffs have acquiesced in Defendants' position below that the arbitration provision applied equally to claims brought by either party. [MIO 5, 6] We disagree.

**{4}** As our notice of proposed summary disposition pointed out, the arbitration provision at issue in this case lays out its purpose with an introductory sentence that recites: "In an effort to control the increasing costs of dental care, any claims or disputes against this office shall be resolved by 'binding arbitration.' " [RP 45; CN 5] Plaintiffs' response to Defendants' motion to compel arbitration noted the import of that sentence: "[T]he provisions in Defendants' arbitration agreement benefit *only* Defendants. Even a cursory examination establishes it is to control the cost of patient claims." [RP 67-68] Plaintiffs asserted in that response that this was a basis to find substantive unconscionability, since "the terms contained in the contract are unreasonable and lack

fairness." [RP 68] Similarly, at a hearing addressing Defendants' motion to compel arbitration, Plaintiffs highlighted the one-sided nature of the agreement by arguing that:

> [T]he benefit is laid out in the agreement itself. What the benefit was for is [the doctor] to keep his costs and exposure down. That's what the agreement says. To lower dental expenses or costs. . . . So, Judge, it is not a benefit for [Plaintiffs]. It's not fair to [Plaintiffs].

[4-11-2018 Tr. 37:4-10]

**{5}** Although Plaintiffs also asserted other arguments, notably arguing that the arbitration agreement would purportedly deprive a minor of her right to a trial by jury because it was executed by her mother [RP 66], we cannot say that Plaintiffs failed to raise the question of whether the agreement, by its terms, was unconscionably one-sided. Accordingly, we do not agree that this issue is unpreserved for our review.

**{6}** Defendants also assert that Plaintiffs waived the issue of the arbitration provision's one-sidedness by acquiescence. [MIO 6] In doing so, Defendants point to their assertions below that the arbitration provisions were mutually binding. [RP 97; 4-11-2018 Tr. 10:4-7, 11:2-5] Given Plaintiffs' assertions quoted above, however, we cannot agree with Defendants' argument that Plaintiffs acquiesced to that position by failing to assert that the agreement was unconscionably one-sided.

**{7}** We, therefore, reverse the district court's order compelling arbitration and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**